UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| JEREMIAH HUNLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:15-cv-394 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| SANDVIK MINING AND | ) | |
| CONSTRUCTION USA, LLC; | ) | |
| SANDVIK CONSTRUCTION & | ) | |
| MINING OY; and DETROIT DIESEL | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**M E M O R A N D U M**

Before the Court is a motion to remand this case to state court, filed by Plaintiff Jeremiah Hunley ("Plaintiff"). (Doc. 10.) Defendant Detroit Diesel Corporation ("DDC") and Defendant Sandvik Mining and Construction USA, LLC ("Sandvik-USA") filed responses in opposition.[1] (Docs. 12, 13.) Plaintiff replied. (Doc. 16). For the following reasons, the Court will **DENY** Plaintiff's motion. (Doc. 10.)

**I.    FACTS AND PROCEDURAL HISTORY**

This action raises product-liability, negligence, breach-of-warranty, and breach-of-contract claims related to injuries Plaintiff suffered in a mining accident. Plaintiff filed the instant complaint in the Circuit Court of Jefferson County, Tennessee on August 3, 2015, seeking compensatory damages in the amount of $100 million and punitive damages in the amount of 10% of each of the defendants' 2007 net worth. (*See* Doc. 1-1.) DDC filed a notice

---

[1] Defendant Sandvik Construction & Mining OY does not appear to have been served with process and has not yet made an appearance in this case. Accordingly, the Court will use the term "Defendants" to refer to the two responding defendants, DDC and Sandvik-USA.

of removal on September 3, 2015, pursuant to 28 U.S.C. § 1332(a), contending that the parties are diverse and the amount in controversy exceeds $75,000. DDC did not, however, file a contemporaneous copy of the notice with the state court, as required by 28 U.S.C. § 1446(d). After Plaintiff pointed out this omission in his motion to remand on October 2, 2015, DDC filed the required notice on October 5, 2015, thirty-two days after removing the case to this Court.[2]

There is some uncertainty as to where Plaintiff resides. He has alleged, at various points, that he is a resident of Kentucky, Tennessee, and North Carolina. In the instant complaint, Plaintiff averred that he was born and raised in Kentucky but now lives in North Carolina. (Doc. 1-1 at 4.) After DDC removed the case, Plaintiff filed a "Notice of Correction to Complaint" (Doc. 4), asserting that the statement in the Complaint was incorrect, and that he actually lives in Tennessee. For present purposes, it is immaterial whether Plaintiff lives in Tennessee or North Carolina because, as Plaintiff concedes, none of the defendants reside in either state. DDC is a Delaware corporation headquartered in Michigan (Doc. 1 at 2); Sandvik-USA is a limited liability company organized under the laws of Delaware, with its principal place of business in Florida, and its members, Sandvik, Inc. and Tamcorp, Inc., are incorporated in Delaware and have principal places of business in New Jersey (*id.*); and Defendant Sandvik Construction & Mining OY is a foreign corporation based in Finland (*id.*).

This is the fourth action Plaintiff has brought related to this incident. He has previously filed and dismissed a suit in this court (*Hunley v. East Tennessee Zinc Company, LLC, et al.*, No. 3:08-cv-397 (*Hunley I*)), as well as a suit in the Circuit Court of Jefferson County, Tennessee

---

[2] DDC explains that it fax-filed the notice of removal with the Jefferson County Circuit Court Clerk's Office on October 5, 2015 and filed a hard copy of the notice by mail on October 6, 2015. The Circuit Court's docket apparently reflects a filing date of October 6, but the chief deputy clerk in the Jefferson County Clerk's Office avers that the notice was actually received and filed on October 5, 2015. (Doc. 12-2.)

2

(Case No. 21-933 IV (*Hunley II*)). A subsequent federal case, also in this court (*Hunley v. Glencore LTD, Inc*, et al., No. 3:10-cv-455 (*Hunley III*)), was ultimately dismissed for lack of jurisdiction. *See Hunley v. Sandvik Mining & Const., U.S.A., LLC*, 602 F. App'x 326, 328 (6th Cir. 2015) (concluding that because plaintiff failed to affirmatively establish that he was diverse from all defendants, the district court lacked jurisdiction).

## II. ANALYSIS

The parties appear to agree that the facial requirements of 28 U.S.C. § 1332(a)—complete diversity and an amount in controversy in excess of $75,000—are met. Nonetheless, Plaintiff raises three arguments, which, he argues, either permit or require this Court to remand the case to state court. First, Plaintiff contends that DDC's lack of compliance with 28 U.S.C. § 1446(d) constitutes a procedural violation that warrants remand to state court.[3] Second, he asserts that this Court is obligated to remand based on the law-of-the-case doctrine.[4] Third, he argues that the Court should judicially estop Defendants from asserting that this Court has subject matter jurisdiction over this case.

### A. 28 U.S.C. § 1446(d)

In response to Plaintiff's argument, DDC concedes that it failed to file a contemporaneous copy of the notice of removal in state court when it filed the notice of removal in this Court, but submits that this procedural defect is best remedied by filing the missing notice rather than remanding the case to state court. DDC points out that the state court took no action

---

[3] Plaintiff properly does not contend that the failure to file contemporaneous notice in state court poses a jurisdictional problem. *See Schliewe v. Toro*, 138 F. App'x 715, 720 (6th Cir. 2005) ("[W]hen a defendant fails to notify the state court promptly of the removal[,] he creates concurrent jurisdiction over the case in both the state and federal court."); *Dukes v. S.C. Ins. Co.*, 770 F.2d 545 (5th Cir. 1985) ("Failure to file a copy of the notice of removal petition with the state court clerk is a procedural defect, and does not defeat the federal court's jurisdiction.").

[4] *See infra* note 5.

3

on the case during the thirty-two days after removal, and that DDC acted promptly to remedy the situation upon learning of its omission.

Section 1446 of Title 28 of the United States Code sets out the procedures to follow when removing a case to federal court. That section provides in relevant part:

> [*p*]*romptly* after the filing of such notice of removal of a civil action [in the district court,] the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. 1446(d) (emphasis added).

The parties disagree about whether DDC's thirty-two-day delay was "prompt[]" within the meaning of the statute. Plaintiff contends that removal statutes should be strictly construed, citing *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994), and argues that DDC's failure to correct its mistake until after Plaintiff moved to remand is evidence of undue delay. DDC urges the Court to interpret the term flexibly, in light of Sixth Circuit precedent which holds that where jurisdiction exists, it is preferable to correct easily cured "technical errors" in the notice of removal, rather than to remand a case to state court. *Schliewe v. Toro*, 138 F. App'x 715, 720 (6th Cir. 2005) (citing *Gafford v. Gen. Elec. Co.,* 997 F.2d 150, 164 (6th Cir. 1993) (*abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010)).

While strict construction may indeed be appropriate for situations implicating substantive matters of jurisdiction, where the alleged defect is procedural in nature, the Court concludes a more flexible reading is warranted. The Sixth Circuit has clearly indicated that procedural violations of § 1442 do not necessitate remand. *See Schliewe*, 138 F. App'x at 720 (denying motion to remand based on defendants' nineteen-day delay in filing notice of removal in state court); *see also Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963, 969

4

(6th Cir.1993) (denying motion to remand based on technical defects in the notice of removal when jurisdiction existed and the defects could be, and were, easily cured by defendant). And in fact, at least one district court has observed that "[a]s a general rule, district courts do not remand cases to state court when the sole error alleged is a short delay in filing a copy of the notice of removal with the state court." *Patterson v. State Farm Mut. Auto. Ins. Co.*, No. 09-CV-0110, 2009 WL 1457737, at *3 (N.D. Okla. May 21, 2009).

Here, DDC took swift corrective action upon learning of its mistake, and Plaintiff has identified no prejudice flowing from DDC's thirty-two-day delay in filing the notice of removal with the state court. Because the Court concludes that remand in this situation would be unduly harsh, as well as inconsistent with Sixth Circuit precedent, the Court declines to grant Plaintiff's motion on this ground.

### B. The Law-of-the-Case Doctrine[5]

Boiled down, Plaintiff's argument on this point is that because the Sixth Circuit determined that *Hunley III* had to be dismissed for want of subject matter jurisdiction, and because the instant case is based on the same claims and involves the same parties, the Court should also dismiss the instant case for want of subject matter jurisdiction. However, as DDC

---

[5] As an initial matter, the Court notes that law of the case is the wrong label for this argument.

> The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California,* 460 U.S. 605, 618, 103 S. Ct. 1382, 75 L. Ed. 2d 318 (1983). The doctrine only applies within the same case—*an identical issue decided in a separate action does not qualify as law of the case*.

*Farina v. Nokia Inc.*, 625 F.3d 97, 117 n.21 (3d Cir. 2010) (emphasis added) (citing 18B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4478, at 637–39 (2d ed. 2002)). Correctly characterized, Plaintiff's argument sounds in principles of *res judicata*— specifically issue preclusion. *See* 18A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4436 (2d ed.).

5

correctly points out, a prerequisite to granting Plaintiff's request is that the issue on which preclusion is sought in the second case must be identical to the issue actually decided in the first case. *See* 18A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4436 (2d ed.) ("Civil Rule 41(b) provides that a dismissal for lack of jurisdiction or improper venue does not operate as an adjudication upon the merits. This provision means only that the dismissal permits a second action on the same claim that corrects the deficiency found in the first action. The judgment remains effective to preclude relitigation of the *precise* issue of jurisdiction or venue that led to the initial dismissal." (emphasis added)); *see also B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. ___, ___, 135 S. Ct. 1293, 1306 (2015) (explaining that "issue preclusion applies where the issues in the two cases are indeed identical") (internal quotation marks omitted).

That is not the case here. In *Hunley III*, Plaintiff was the party seeking to litigate in federal court, and as such, Plaintiff had the burden of establishing federal jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Court of Appeals held Plaintiff failed to carry that burden because he never established he was completely diverse from all of the defendants. *See Hunley*, 602 F. App'x at 328. Importantly, the Court did *not* hold Plaintiff was *not* actually diverse from the defendants—just that Plaintiff had failed to sufficiently establish diversity.

Preclusion is therefore inappropriate. Federal jurisdiction is being sought by Defendants, not Plaintiff, thus it is Defendants' burden to establish the existence of jurisdiction. A judicial determination that Plaintiff *did not* establish jurisdiction in a prior case does not mean that

Defendants *cannot* establish jurisdiction here. Accordingly, the Court declines to remand on this ground.[6]

### C. Judicial Estoppel

The doctrine of judicial estoppel, more appropriately labeled the doctrine of preclusion of inconsistent positions, generally prevents a party who has prevailed on an argument in one proceeding from advancing an inconsistent argument in another proceeding. *See Lorillard Tobacco Co. v. Chester, Willcox & Saxbe*, 546 F.3d 752, 757 (6th Cir. 2008). This rule does not apply here, however, for much the same reason that the previous preclusion doctrine did not; the issues are different, and thus the argument on which the defendants prevailed in *Hunley III* is not contrary to the argument Defendants advance here. In *Hunley III*, the defendants argued, successfully, that Plaintiff failed to meet his burden of establishing diversity. Here, Defendants assert that they *have* met their burden of establishing diversity. Because these positions are not inconsistent, the Court declines to estop Defendants from establishing the diversity of the parties in the present suit.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand (Doc. 10) will be **DENIED**.

**An Order shall enter.**

                                                **/s/**
                                                **CURTIS L. COLLIER**
                                                **UNITED STATES DISTRICT JUDGE**

---

[6] As an alternative basis for this conclusion, the Court notes that the parties in this case are different than the parties with whom Plaintiff failed to establish complete diversity in *Hunley III*. A holding that Plaintiff failed to establish complete diversity as to one set of defendants obviously does not preclude a finding of diversity in a subsequent case as to a different set of defendants.

7