# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: March 01, 2017

Mr. Richard Everett Collins
Mr. Alan B. Easterly
Mr. Jonathan Britt Phillips

Re: Case No. 16-5941, *Jeremiah Hunley v. Detroit Diesel Corporation, et al*
Originating Case No. : 3:15-cv-00394

Dear Counsel,

The Court issued the enclosed (Order/Opinion) today in this case.

Sincerely yours,

s/Laura A. Jones
Case Manager
Direct Dial No. 513-564-7023

cc: Ms. Debra Poplin
    Mr. Joshua A. Wolfe

Enclosure

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0134n.06

No. 16-5941

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Mar 01, 2017
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| JEREMIAH HUNLEY, <br><br>    Plaintiff-Appellant, <br><br> v. <br><br> DETROIT DIESEL CORPORATION; SANDVIK MINING AND CONSTRUCTION U.S.A., LLC; SANDVIK MINING AND CONSTRUCTION OY, <br><br>    Defendants-Appellees. | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE <br><br> OPINION |

**BEFORE:** COLE, Chief Judge; STRANCH, and DONALD, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.** Jeremiah Hunley brought suit against Detroit Diesel Corporation, Sandvik Mining and Construction U.S.A., LLC (Sandvik USA), and Sandvik Mining and Construction OY (Sandvik OY), seeking recovery for injuries he suffered in a mining accident. The district court dismissed the action as barred by the Tennessee statute of limitations for personal injury actions, and determined that two savings statutes did not apply. For the following reasons, we **AFFIRM** the district court's dismissal.

## I.     BACKGROUND

In December 2007, Jeremiah Hunley was severely injured in an underground accident while working in a zinc mine in eastern Tennessee. As he was driving a dump truck, he swerved to avoid low-hanging pipes suspended from the mine ceiling. The vehicle's brakes and steering lost power. Hunley crashed into the hazard, losing both hands below the elbow and suffering

No. 16-5941, *Hunley v. Detroit Diesel Corp., et al.*

other serious injuries. The truck Hunley drove was manufactured by Sandvik OY, distributed in the United States by Sandvik USA, and containing an engine made by Detroit Diesel.

Hunley initially filed suit in federal court against several other defendants—not including Detroit Diesel, Sandvik USA, or Sandvik OY—on September 29, 2008 (*Hunley I*). He then filed a second suit in state court against Detroit Diesel and Sandvik USA, as well as many of the original defendants, on December 4, 2008 (*Hunley II*). Hunley voluntarily dismissed *Hunley I*, the federal court action, in October 2009. On October 25, 2010, Hunley filed a notice of dismissal in *Hunley II*, along with a proposed order stating that "[s]uch order relates back to the filing of such notice, *nunc pro tunc*, October 25, 2010." The state court entered the order on November 8, 2010, and dismissed *Hunley II* without prejudice.[1]

Also on October 25, 2010, Hunley filed a second action in federal court against several defendants, including Detroit Diesel, Sandvik USA, and Sandvik OY (*Hunley III*). In *Hunley III*, the district court determined that the claims against these three defendants were barred by the statute of limitations, and that Hunley had not established complete diversity. Hunley appealed the dismissal of his claims against Detroit Diesel, Sandvik USA, and Sandvik OY, and this court agreed that he had failed to establish complete diversity and remanded for the district court to dismiss his claims for a lack of subject matter jurisdiction. *See Hunley v. Sandvik Mining & Const., U.S.A., LLC*, 602 F. App'x 326, 328 (6th Cir. 2015). The district court did so on July 6, 2015.

Hunley subsequently filed suit in state court on September 3, 2015, seeking compensatory and punitive damages (*Hunley IV*, the present action). Detroit Diesel removed the

---

[1]Prior to the clerk's entry of the dismissal order, Sandvik OY filed a motion to strike the voluntary dismissal and objection in the state court, arguing that there was a pending dispositive motion in the case. In response, Hunley filed a second proposed order stating that he "filed a voluntary nonsuit, without prejudice, which was granted by [the c]ourt on November 8, 2010." That order was entered on December 7, 2010.

-2-

case to federal court on the basis of diversity jurisdiction. The district court then granted the defendants' motions to dismiss. This appeal followed.

## II. ANALYSIS

We review de novo a district court's conclusion of law that a complaint was filed outside the statute of limitations. *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003).

Because the present action is in federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332, the district court applied the substantive law of Tennessee, the forum state. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 79 (1938). The court determined that the plaintiff's claims in *Hunley IV* were barred by Tennessee's one-year statute of limitations for personal injury actions, *see* Tenn. Code Ann. § 28-3-104(a)(1), and that neither the savings statute in Tenn. Code Ann. § 28-1-105(a) nor the one in § 28-1-115 applied. The district court examined the legal effect of the *nunc pro tunc* provision in the state court order dismissing *Hunley II* and concluded that Tennessee courts would not give effect to that provision because it did not reflect an action previously taken by the court. The court determined that because *Hunley III* did not satisfy the requirements of the savings statute, § 28-1-105(a), it was barred under the statute of limitations and *Hunley IV* was therefore barred as well. Hunley argues that the district court's ruling was an improper appeal of the state court's order dismissing *Hunley II*, was in violation of the *Rooker-Feldman* doctrine, and was not supported by a balancing of the equities.

Hunley's arguments on appeal largely focus on the standard of review that he alleges the district court should have used, rather than the district court's actual interpretation of the savings clause in § 28-1-105(a). The issue before this court is whether *Hunley III* satisfied the requirements of this savings statute. The relevant language of the statute provides:

> If [an] action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of

No. 16-5941, *Hunley v. Detroit Diesel Corp., et al.*

> action . . . the plaintiff . . . may, from time to time, commence a new action within one (1) year after the reversal or arrest.

Tenn. Code Ann. § 28-1-105(a); *see also Cronin v. Howe*, 906 S.W.2d 910, 913 (Tenn. 1995) ("[T]he savings statute confers upon a plaintiff who files a second action within one year of a voluntary non-suit of a first action the same procedural and substantive benefits that were available to the plaintiff in the first action."). Tennessee Rule of Civil Procedure 41.01(3) further specifies that "[a] voluntary nonsuit to dismiss an action without prejudice must be followed by an order of voluntary dismissal signed by the court and entered by the clerk. The date of entry of the order will govern the running of pertinent time periods." The Advisory Commission's Comment adds, "[t]he order entry date would start the saving year running under T.C.A. § 28-1-105." Tenn. R. Civ. P. 41.01, Advisory Commission Comment to 2004 Amendment (2010).

Tennessee courts have understood Rule 41.01(3) to be satisfied and the savings period of § 28-1-105(a) initiated only when the order is both signed by the court and entered by the clerk. *See Stewart v. Cottrell*, 255 S.W.3d 582, 585 (Tenn. Ct. App. 2007) (holding that until the court has signed an order and it has been entered by the clerk, "Rule 41 has not been satisfied, and . . . the one-year time constraint within which to commence the second action has not yet begun"); *see also Brooks v. Paccar, Inc.*, No. M2009-00602-WC-R3-WC, 2010 WL 454811, at *3 (Tenn. Workers Comp. Panel. Feb. 10, 2010) (upholding dismissal of an action filed under the savings statute after the plaintiff filed a voluntary dismissal but before the court entered the dismissal order because "[a] voluntary dismissal under Rule 41.01 does not become effective until an order is entered").

Rule 41.01's requirements were not satisfied when *Hunley III* was filed. *Hunley II* was filed in state court on December 4, 2008, within the original statute of limitations. Hunley filed a notice of voluntary dismissal on October 25, 2010, which the clerk entered on November 8. But

-4-

*Hunley III* was filed in federal court on October 25, before the dismissal order was both signed by the court and entered by the clerk. The savings period does not begin until these requirements are satisfied; therefore, Hunley could not make use of the savings statute in § 28-1-105(a) until November 8.

The *nunc pro tunc* provision in the state court's order does not alter this outcome. In Tennessee, "a 'nunc pro tunc order' can only be made when the thing ordered has been previously allowed, but by inadvertence has not been entered. It applies only to orders of court, and never to actions of counsel." *Grizzard v. Fite*, 191 S.W. 969, 971 (Tenn. 1916), *overruled on other grounds by Barnes v. Walker*, 234 S.W.2d 648 (Tenn. 1950). "It is not enough that the parties believe that a judgment has been filed[;] there must be clear and convincing evidence that the court announced its judgment, and, but for clerical error or mistake, the judgment was not filed for entry." *Blackburn v. Blackburn*, 270 S.W.3d 42, 50 (Tenn. 2008). Hunley has not shown such evidence.

Moreover, Hunley mischaracterizes the district court's analysis of the *nunc pro tunc* provision by arguing that it was an improper appeal of the *Hunley II* dismissal order. The district court did not undertake review of the state court order, but rather sought to interpret and properly construe the order so that it could rule on the issue at hand—whether the savings clause applied. To determine whether to apply the November 8 entry date or the October 25 *nunc pro tunc* date, the district court properly considered what effect Tennessee courts would give to the *nunc pro tunc* language. Similarly, Hunley argues that the defendants have waived "all avenues for appealing" the state court order by failing to file a motion to alter or amend the judgment. Again, this misunderstands the defendants' arguments and the district court's review. The defendants have not sought to alter or amend the state court's judgment, nor appeal the judgment

-5-

itself. The defendants argued in favor of a particular interpretation of the state court order. The district court agreed with the defendants' interpretation when determining the legal effect of the order.

And as Hunley himself acknowledges, his argument is at odds with the application of the *Rooker-Feldman* doctrine. *Rooker-Feldman* limits federal court review of state court decisions, and the Supreme Court has explicitly held that it only applies in a limited scenario:

> The *Rooker-Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

*Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). The case at hand meets virtually none of these requirements. Hunley brought the federal case, but did not lose in state court, as he voluntarily dismissed the state court action himself. And Hunley's federal case does not complain about the state court judgment. *Rooker-Feldman* does not apply.

We are mindful that the Tennessee Supreme Court has found it "well settled that Tennessee law strongly favors the resolution of all disputes on their merits, and that the saving statute is to be given a broad and liberal construction in order to achieve this goal." *Henley v. Cobb*, 916 S.W.2d 915, 916 (Tenn. 1996). Tennessee courts have cited this language in decisions substituting plaintiffs in a wrongful death case during the savings year, *Foster v. St. Joseph Hospital*, 158 S.W.3d 418, 422, 425 (Tenn. Ct. App. 2004), and to apply a forgiving standard to medical malpractice cases' pre-notice requirements. *See Chambers ex rel. Chambers v. County*, No. E2013-01064-COA-R10-CV, 2014 WL 1266101, at *5 (Tenn. Ct. App. Mar. 28, 2014). The harsh result of the rule applied here is concerning, but Hunley has failed to explain how the "broad and liberal construction" that he promotes applies. More importantly, he has not

-6-

provided any cases interpreting the statute that would favor his proposed outcome or enable us to determine that § 28-1-105(a) would save his claims in *Hunley III*. And as a federal court sitting in a diversity case, we are in "a particularly poor position . . . to endorse [a] fundamental policy innovation." *Combs v. International Ins. Co.*, 354 F.3d 568, 577-78 (6th Cir. 2004) (quoting *Dayton v. Peck, Stow & Wilcox Co. (Pexto)*, 739 F.2d 690, 694 (1st Cir. 1984)). We are constrained by the governing law in Tennessee.

Because we find that *Hunley III* was untimely, we need not consider Hunley's argument that § 28-1-115, a second savings statute, may be "stacked" with § 28-1-105 to save the present action. As the district court noted, § 28-1-115 "can only apply when the original action in federal court"—in this case, *Hunley III*—"was brought in a timely fashion." *Bennett v. Steiner-Liff Iron & Metal*, No. 01-A-01-9002CH00055, 1990 WL 112363, at *2 (Tenn. Ct. App. Aug. 8, 1990), *aff'd in relevant part sub nom. Bennett v. Steiner-Liff Iron & Metal Co.*, 826 S.W.2d 119 (Tenn. 1992). It was not and thus governs the outcome for *Hunley IV*.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.